IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:01-CR-00321 |
| v. : | |
| : | (Judge Kane) |
| ANTHONY ALSTON : | (Electronically Filed) |

## **PRETRIAL MOTION TO SUPPRESS EVIDENCE**

AND NOW comes the defendant, Anthony Alston, by his attorney Lori J. Ulrich of the Federal Public Defender's Office, and files this Pretrial Motion to Suppress Evidence.

1.  On October 10, 2001, Mr. Alston was indicted in federal court for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

2.  On October 4, 2005 Mr. Alston appeared before the Honorable J. Andrew Smyser for the first time as he had remained a fugitive since 2001.

3.  On this date, he entered a plea of not guilty to the indictment.

4.  Pretrial motions are due November 21, 2005.

## Factual History

5.    On September 7, 2000, based on information provided by a confidential informant and items recovered during a "trash pull" at 456 Lincoln Street, officers from the York City Police Department obtained a search warrant for the residence of Zulieka Woodard, 456 Lincoln Street.  The search warrant provided as follows:

> The undersigned is Det. James McBride, who is presently assigned to the vice and narcotics division of the York City Police Dept.  Based on the following information I believe that a drug vending operation is being conducted from [456 Lincoln Street, 1st Floor Apartment].  Specifically officers received information from a confidential informant who advised that there was a lot of traffic in and out of the above address in which subjects would arrive, stay a short time and then leave.  On 9-5-00 this officer picked up the trash placed to the rear of 456 Lincoln St.  They were in white plastic bags with red pull ties.  In this trash I recovered over (12) sandwich baggies cut up in a method used to package controlled substance.  Also found was marijuana stems (Field tested positive for marijuana) and a paper with the address of 456 Lincoln St.  On 9-7-00 I picked up trash to the rear of 456 Lincoln St. again.  Once again it was in white plastic bags with red pull ties.  Recovered from this trash was half a marijuana joint, marijuana stem, note to person named Woodward and a cable bill for Zulieka Woodard of 456 Lincoln St. 1st Fl.  The marijuana field tested positive for marijuana.  There was also a sandwich baggie cut up with corners missing.  Based upon this information I request a search warrant for 456 Lincoln St. 1st Fl.

Search Warrant and Affidavit attached as Exhibit 1.

6.     On September 8, 2000, the above search warrant was executed at 456 Lincoln Street.

7.     During the search, law enforcement recovered a large quantity of cocaine, a scale, cash, paraphernalia, and marijuana. Also found were papers addressed to Anthony Alston of 1210 W. King Street.

8.     Zulieka Woodard was interviewed, and she informed law enforcement that the cocaine belonged to Anthony Alston and that he lived at 1210 W. King Street.

9.     Following the search of 456 Lincoln Street, Officer McBride of the York City Police Department obtained and received a search warrant for 1210 W. King Street, York. The affidavit for the search warrant provided as follows:

> The undersigned is Det. James McBride, who is presently assigned to the Vice and Narcotics Division of the York City Police Depart. Based on the following information I believe that there is probable cause to believe that a drug vending and/or operation is being conducted from [1210 W. King Street]. On 9-8-00 at approx. 0935 Hrs officer executed a search warrant at 456 Lincoln St. 1st Fl. and recovered a large quantity of cocaine. Among the cocaine was papers to Anthony Alston of 1210 W. King St. Officers talked to Zulieka Woodard of 456 Lincoln St. 1st Fl. and learned that her boyfriend Anthony Alston stays over night from time to time and lives at 1210 W. King St. 2nd Fl. She advised that the cocaine found in her

> apartment was Anthony Alston's. The quantity of cocaine recovered was several ounces yet there was only a small amount of cash. Woodard advised that Alston stays over night and then returned to his apartment of 1210 W. King St. Due to the size of this operation in my experience there should be more cash involved and probable cause to believe that Anthony Alston would store more quantity of cocaine and cash at his apartment. A criminal history check of Anthony Alston showed that he has a prior record for possession with intent to deliver controlled substance. Ms. Woodard advised that Alston drives a light colored 1990 Honda Pa Reg# CCB-2812 to get from W. King St. to Lincoln St. and back.

Search Warrant and Affidavit attached as Exhibit 2.

10. On September 8, 2000, law enforcement officers executed the search warrant at 1210 W. King Street and found the Tanfglio single-action semi-automatic pistol.

11. On September 8, 2000, the defendant, Anthony Alston was charged by the York City Police Department with the possession with the intent to deliver cocaine in violation of 35 Pa.C.S. § 780-113(a)(30), criminal conspiracy to possess cocaine with the intent to deliver in violation of 18 Pa.C.S. 903, and unlawful possession of a firearm, .380 semi-automatic handgun after sustaining a conviction for possession with the intent to deliver a controlled substance in violation of 18 Pa.C.S. § 6105(a).

12. After a suppression hearing on January 29, 2001, the trial court, in the Court of Common Pleas of York County, upheld the first search, 456 Lincoln Street, but found that the search warrant for 1210 W. King Street lacked probable cause and therefore, suppressed the firearm found during the search of 1210 W. King Street. Exhibit 3, Order of Court.[1]

13. After a trial by jury on July 16 through 18, 2001, Mr. Alston was found guilty of possession with the intent to deliver cocaine and conspiracy to possess cocaine with the intent to deliver. Mr. Alston was allowed to remain free on bail pending sentencing and thereafter failed to appear for sentencing.

## Argument

14. The search warrant for 1210 West King Street failed to provide probable cause for the search.

15. Detective McBride, in his first search warrant claimed that the drug operation was being conducted out of 456 Lincoln Street. Therefore, prior to his

---

[1] The Federal Public Defender's Office has made several attempts to obtain the complete transcript of the proceeding held on January 29, 2001; however, the court reporter who took the notes of testimony has not yet provided the transcript.

arrival at 456 Lincoln Street, it appears that he had no information related to 1210 W. King Street.

16. The officer spoke to Zulieka Woodward who blamed Anthony Alston by telling the officer that the drugs belong to him.

17. The officer did nothing to corroborate Ms. Woodward

18. As to the cash, it was just as probable that the reason a large amount of cash was not found was because any cash reserves had been used to purchase the drugs.

19. Money in and of itself is not contraband.

20. There was no other evidence linking 1210 W. King Street or Mr. Alston to criminal activity.

21. The warrant in this case was based on hunches and not probable cause. Indeed, the trial court in the York County Common Pleas found that the affidavit in support of the search warrant lacked probable cause. See Exhibit 3.

22.  The firearm found at 1210 W. King Street should be suppressed.  U.S. CONST. amend. IV.

Date:   November 21, 2005          /s/ Lori J. Ulrich
                                   Lori J. Ulrich, Esquire
                                   Asst. Federal Public Defender
                                   Attorney ID #PA55626
                                   100 Chestnut Street, Suite 306
                                   Harrisburg, PA 17101
                                   Tel. No. (717) 782-2237
                                   Fax No. (717) 782-3881
                                   (lori_ulrich@fd.org)
                                   *Attorney for Anthony Alston*

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich of the Federal Public Defender's Office, do hereby certify that on this date I served a copy of the foregoing **PRETRIAL MOTIONS**, via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Eric Pfisterer, Esquire


Anthony Alston

Respectfully submitted,

Date: November 21, 2005         /s/ *Lori J. Ulrich*

Lori J. Ulrich, Esquire
Asst. Federal Public Defender
Attorney ID #PA55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
(lori_ulrich@fd.org)
*Attorney for Anthony Alston*