IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 1:01-CR-00321 |
| v. | : | |
| | : | (Judge Kane) |
| ANTHONY ALSTON | : | (Electronically Filed) |

## BRIEF IN SUPPORT OF PRETRIAL MOTIONS

AND NOW comes the defendant, Anthony Alston, through his attorney, Lori J. Ulrich of the Federal Public Defender's Office, and files this Brief in Support of Pretrial Motions.

## Procedural History

On September 8, 2000, the defendant, Anthony Alston was charged by the York City Police Department with the possession with the intent to deliver cocaine in violation of 35 Pa.C.S. § 780-113(a)(30), criminal conspiracy to possess cocaine with the intent to deliver in violation of 18 Pa.C.S. 903, and unlawful possession of a firearm, .380 semi-automatic handgun, after sustaining a conviction for possession with the intent to deliver a controlled substance in violation of 18 Pa.C.S. § 6105(a). The charges arose following two searches conducted at 456 Lincoln Street and 1210 W. King Street in York County.

After a suppression hearing held January 29, 2001, the trial court, in the Court of Common Pleas of York County, upheld the first search, 456 Lincoln Street, but found that the search warrant for 1210 W. King Street lacked probable cause and therefore, suppressed the firearm found during the search of 1210 W. King Street. Exhibit 3, Order of Court.[1]  After a trial by jury on July 16 through 18, 2001, Mr. Alston was found guilty of possession with the intent to deliver cocaine and conspiracy to possess cocaine with the intent to deliver. Mr. Alston was allowed to remain free on bail pending sentencing and thereafter failed to appear for sentencing.

On October 10, 2001, Mr. Alston was indicted in federal court for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On October 4, 2005 Mr. Alston appeared before the Honorable J. Andrew Smyser for the first time as he had remained a fugitive since 2001. On this date, he entered a plea of not guilty to the indictment. Pretrial motions are due November 21, 2005. This brief is offered in support of Mr. Alston's motion to suppress the firearm found at 1210 W. King Street, in York County.

---

[1]The Federal Public Defender's Office has made several attempts to obtain the complete transcript of the proceeding held on January 29, 2001; however, the court reporter who took the notes of testimony has not yet provided the transcript.

## Factual History

On September 7, 2000, based on information provided by a confidential informant and items recovered during a "trash pull" at 456 Lincoln Street, officers from the York City Police Department obtained a search warrant for the residence of Zulieka Woodard, 456 Lincoln Street. The search warrant provided as follows:

> The undersigned is Det. James McBride, who is presently assigned to the vice and narcotics division of the York City Police Dept. Based on the following information I believe that a drug vending operation is being conducted from [456 Lincoln Street, 1st Floor Apartment]. Specifically officers received information from a confidential informant who advised that there was a lot of traffic in and out of the above address in which subjects would arrive, stay a short time and then leave. On 9-5-00 this officer picked up the trash placed to the rear of 456 Lincoln St. They were in white plastic bags with red pull ties. In this trash I recovered over (12) sandwich baggies cut up in a method used to package controlled substance. Also found was marijuana stems (Field tested positive for marijuana) and a paper with the address of 456 Lincoln St. On 9-7-00 I picked up trash to the rear of 456 Lincoln St. again. Once again it was in white plastic bags with red pull ties. Recovered from this trash was half a marijuana joint, marijuana stem, note to person named Woodward and a cable bill for Zulieka Woodard of 456 Lincoln St. 1st Fl. The marijuana field tested positive for marijuana. There was also a sandwich baggie cut up with corners missing. Based upon this information I request a search warrant for 456 Lincoln St. 1st Fl.

Search Warrant and Affidavit attached as Exhibit 1.

On September 8, 2000, the above search warrant was executed at 456 Lincoln Street. During the search, law enforcement recovered a large quantity of cocaine, a scale, cash, paraphernalia, and marijuana. Also found were papers addressed to Anthony Alston of 1210 W. King Street. Zulieka Woodard was interviewed, and she informed law enforcement that the cocaine belonged to Anthony Alston and that he lived at 1210 W. King Street.

Following the search of 456 Lincoln Street, Officer McBride of the York City Police Department obtained and received a search warrant for 1210 W. King Street, York. The affidavit for the search warrant provided as follows:

> The undersigned is Det. James McBride, who is presently assigned to the Vice and Narcotics Division of the York City Police Depart. Based on the following information I believe that there is probable cause to believe that a drug vending and/or operation is being conducted from [1210 W. King Street]. On 9-8-00 at approx. 0935 Hrs officer executed a search warrant at 456 Lincoln St. 1st Fl. and recovered a large quantity of cocaine. Among the cocaine was papers to Anthony Alston of 1210 W. King St. Officers talked to Zulieka Woodard of 456 Lincoln St. 1st Fl. and learned that her boyfriend Anthony Alston stays over night from time to time and lives at 1210 W. King St. 2nd Fl. She advised that the cocaine found in her apartment was Anthony Alston's. The quantity of cocaine recovered was several ounces yet there was only a small amount of cash. Woodard advised that Alston stays over night and then returned to his apartment of 1210 W. King St. Due to the size of this operation in my experience there should be more cash involved and probable cause to believe that Anthony Alston would

4

  store more quantity of cocaine and cash at his apartment.
A criminal history check of Anthony Alston showed that
he has a prior record for possession with intent to deliver
controlled substance.  Ms. Woodard advised that Alston
drives a light colored 1990 Honda Pa Reg# CCB-2812 to
get from W. King St. to Lincoln St. and back.

Search Warrant and Affidavit attached as Exhibit 2.

  On September 8, 2000, law enforcement officers executed the search warrant at 1210 W. King Street and found the Tanfglio single-action semi-automatic pistol.

### Argument

WHETHER THE AFFIDAVIT IN SUPPORT OF THE
SEARCH WARRANT FOR 1210 WEST KING
STREET LACKED PROBABLE CAUSE.

  The search warrant for 1210 W. King Street was so lacking in probable cause that official belief in its existence was entirely unreasonable.  A magistrate judge may find probable cause to search when, viewing the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *See Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317 (1983).  Detective McBride, in his first search warrant claimed that the drug operation was being conducted out of 456 Lincoln Street.  Therefore, prior to his arrival at 456 Lincoln Street, it appears that he had no information related to 1210 W. King Street.  After entering and searching 456 Lincoln Street, the

5

affidavit states that a large quantity of cocaine was recovered and a small amount cash. The officer spoke to Zulieka Woodward, who blamed Anthony Alston, by telling the officer that the drugs belong to Mr. Alston. The officer did nothing to corroborate Ms. Woodward who had every reason to blame someone else.

The officer claimed that there must be more cash elsewhere and that it must be at 1210 W. King Street. Yet, it is just as probable that no more cash would be found because any cash reserves would have been used to purchase the cocaine. Money, in and of itself is not contraband or evidence of a crime. Moreover, approximately three ounces of cocaine was found at 456 Lincoln Street. There was no reason to believe that more drugs would be found elsewhere. The warrant in this case was based on hunches and not probable cause. Indeed, the trial court in the York County Common Pleas found that the affidavit in support of the search warrant lacked probable cause. See Exhibit 3.

The good faith exception is not applicable to the present circumstances. *See United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984). Under the good faith exception, even if the warrant fails to contain probable cause, the evidence is not suppressed if an officer executes a search in objectively reasonable reliance on the warrant's authority. *United States v. Williams*, 3 F.3d 69, 74 (3rd Cir. 1993). While the mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith, there are exceptions to the exception. There are

situations in which an officer's reliance on a warrant would not be reasonable and would not trigger the exception. *Leon*, 468 U.S. at 922-23, 104 S. Ct. 3405. The Court of Appeals for the Third Circuit has identified four situations, one of which applies in this case: when the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Williams*, 3 F.3d at 74 n.4.

The only basis for the officers request was the fact that he failed to find a large amount of cash at the house that he had identified as the source for dealing drugs. Ms. Woodward, whose credibility is questionable, did not tell the officer that drugs or money would be found at 1210 W. King Street. The officer made a leap based on a hunch and not probable cause. Therefore, the firearm found at 1210 W. King Street should be suppressed. U.S. CONST. amend. IV.

                                      Respectfully submitted,

Date: November 21, 2005        /s/ *Lori J. Ulrich*
                                      Lori J. Ulrich, Esquire
                                      Asst. Federal Public Defender
                                      Attorney ID #PA55626
                                      100 Chestnut Street, Suite 306
                                      Harrisburg, PA 17101
                                      Tel. No. (717) 782-2237
                                      Fax No. (717) 782-3881
                                      (lori_ulrich@fd.org)
                                      *Attorney for Anthony Alston*

# CERTIFICATE OF SERVICE

I, Lori J. Ulrich of the Federal Public Defender's Office, do hereby certify that on this date I served a copy of the foregoing **BRIEF IN SUPPORT OF PRETRIAL MOTIONS**, via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

   Eric Pfisterer, Esquire
   ██████████████████
   ██████████████████
   ██████████

   Anthony Alston
   ██████████████
   ████████
   ██████████████

Date: November 21, 2005        /s/ *Lori J. Ulrich*
                               Lori J. Ulrich, Esquire
                               Asst. Federal Public Defender
                               Attorney ID #PA55626
                               100 Chestnut Street, Suite 306
                               Harrisburg, PA 17101
                               Tel. No. (717) 782-2237
                               Fax No. (717) 782-3881
                               (lori_ulrich@fd.org)
                               *Attorney for Anthony Alston*