IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:01-CR-321 |
| | ) | |
| v. | ) | (Judge Kane) |
| | ) | |
| ANTHONY ALSTON | ) | |

## ORDER

**AND NOW** this _____ day of _____ 2006, upon consideration of the government's Motion for Trial Continuance, and noting the concurrence of counsel for the defendant therein,

IT IS HEREBY ORDERED that the Motion is GRANTED. Trial in the above-captioned matter will commence with the selection of a jury on _____, 2006 at _____ .m. in Courtroom No. 4, Federal Building, Harrisburg, PA. Trial will commence immediately thereafter.

In granting this continuance, the Court finds that the ends of justice served by taking this action outweigh the best interests of the public and the defendant in a speedy trial. It has been represented to the Court that the parties need additional time to complete negotiations that will most likely result in the disposition of the case against the defendant by plea agreement and without a trial. The Court has no reason to doubt these representations, nor does the Court have any reason to doubt that the parties have proceeded in this matter with due diligence. Disposing

of criminal cases by way of negotiated plea agreement benefits the defendant, the United States, the public, and the Court by conserving scarce resources and Court time. Requiring the parties to proceed to trial as scheduled on April 3, 2006 would, in the Court's judgment, result in a miscarriage of justice by denying the parties the opportunity to resolve this matter in a mutually agreeable fashion short of trial.

The Clerk of Court is hereby ordered to exclude when computing the time within which trial of the above-captioned matter must commence that entire period of delay from the date of this Order up to and including April 3, 2006, the date that the trial of this matter is now scheduled to commence. See 18 U.S.C. § 316(h)(8)(A) and (B)(i).

 

_____
YVETTE KANE
UNITED STATES DISTRICT COURT